```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SHRIMP LOUISIANA GULF, L.L.C.                    CIVIL ACTION


VERSUS                                           NO. 07-7338


SCOTTSDALE INSURANCE COMPANY                     SECTION "F"
```

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand and request for attorney's fees pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, the plaintiff's motion to remand is GRANTED but the request for costs and attorney's fees is DENIED.

Background

This suit arises out of an insurance contract between Shrimp Louisiana Gulf and its insurer, Scottsdale Insurance Company. Scottsdale issued Shrimp Louisiana, a wholesale seafood distributor, a commercial insurance policy that was in effect at the time of Hurricane Katrina. The parties dispute whether and when Shrimp Louisiana's correct address, 194 Icehouse Road, Empire, Lousiana, was provided to Scottsdale.[1]  Shrimp Louisiana sued

---

[1] In its state court petition, Shrimp Louisiana asserts that:

> When Scottsdale initially issued the policy to Plaintiff in 2004 it contained an incorrect address. When Plaintiff renewed the policy in April 2005, Plaintiff provided the

1

Scottsdale in state court to recover for hurricane damage to its property.[2]

Shrimp Louisiana included in its state court petition a statement that "[p]ursuant to an endorsement addendum to the policy, Scottsdale has submitted to the jurisdiction of this Court." Indeed, the insurance contract between the parties contains a service of suit clause, which provides:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all the requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court.

Nevertheless, the defendant removed the action to this Court, asserting that removal was proper under 28 U.S.C. § 1441 because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Scottsdale disputes the applicability of the service of suit clause. The plaintiffs now move for remand, based on the service

---

correct address on the binder and on an application for renewal through its agent. However, Scottsdale failed to correct the address on the policy.

[2] The plaintiff alleges that hurricane-driven winds demolished its building before any flooding occurred such that its loss is covered under the insurance policy.

of suit provision. Furthermore, the plaintiff requests an award of attorney's fees and costs incurred in seeking remand.

I.

    A.   <u>Standard for Removal</u>

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  <u>See</u> <u>Jernigan v. Ashland Oil, Inc.</u>, 989 F.2d 812, 815 (5th Cir.), <u>cert. denied</u>, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979), as the Court is guided by the principle that federal courts are courts of limited jurisdiction and the removal statute should be strictly construed in favor of remand.  <u>See</u>, <u>e.g.</u>, <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).

    B.   <u>Service of Suit Provision</u>

A defendant may generally remove a civil action if the federal court has original jurisdiction over the case.  <u>See</u> 28 U.S.C. § 1441(a).  It is well-settled in the Fifth Circuit, however, that an insurer may not remove an action filed in state court where the insurance contract includes a service of suit provision like the one in this case.  In <u>City of Rose City v. Nutmeg Ins. Co.</u>, the

Fifth Circuit ruled that a service of suit clause substantially identical to the one here gave the insured the right to choose the forum in which to try its claims against the insurer; if the insured chooses to file in state court, the case may not be removed.  931 F.2d 13, 15 (5th Cir. 1991), <u>cert.</u> <u>denied</u>, 502 U.S. 908, 112 S.Ct. 301, 116 Led.2d 244 (1991).

The issue here is whether Scottsdale, through the insurance policy's service of suit provision, waived its right to be in federal court.  If so, then the case must be remanded to state court and the Court may consider whether it is appropriate to award attorney's fees.

Scottsdale, at least for the sake of argument, concedes that the service of suit clause in the policy granted Shrimp Louisiana the right to select the forum for disputes arising out of Scottsdale's failure to pay money due under the subject insurance policy.  But Scottsdale disputes that the service of suit provision applies on these facts.  First, Scottsdale asserts that it paid for the damage to the Millwright Road property, so there is no "failure of the Company to pay any amount claimed..." as required by the service of suit provision.  Second, and related, Scottsdale asserts that the plaintiff fails to allege an amount due under this policy, because the plaintiff identifies the Ice House Road property in the state court petition; Scottsdale says that there is no coverage for the Ice House Road property under the insurance policy.  For these

reasons, Scottsdale contends, Nutmeg does not control this case. The Court disagrees.

Like the provision in Nutmeg, the service of suit provision in the insurance contract between Shrimp Louisiana and Scottsdale is broad and unambiguous:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due under this policy, the Company at the request of the Insured (or reinsured), will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all the requirements necessary to give the Court jurisdiction. All matters which arise will be determined in accordance with the law and practice of the Court.

This language "plainly requires that the insurer submit to the jurisdiction of any court of the policyholder's choosing." Id. at 15. Here, the policyholder, Shrimp Louisiana, chose state court to litigate its claim that Scottsdale owes it money under the parties' insurance contract. The plaintiff alleges in its state court petition that the commercial policy misidentifies the covered property and that the plaintiff provided the correct address when it renewed the policy in April 2005. The plaintiff further alleges that Scottsdale paid Shrimp Louisiana $646.83 to cover wind damage at the incorrect address, the 725 Millwright Road address. The plaintiff charges that Scottsdale breached the insurance contract by failing to pay the amount owed under the policy.

At best, Scottsdale's argument that the plaintiff's suit arises outside the scope of the service of suit clause is an assertion that the plaintiff's claims will be proven wrong and that Scottsdale has paid whatever it owed under the terms of the policy. Scottsdale is free to raise its defenses to the merits of the plaintiff's petition in state court. Scottsdale's attack on the scope of the service of suit clause, however, overlooks the very basic fact that Shrimp Louisiana alleges that Scottsdale owes money under the insurance contract.[3] That contract has a service of suit clause, which gives Shrimp Louisiana, as the insured, the right to choose which forum will hear its claims. To the extent Scottsdale otherwise invites the Court to evaluate the merits of the plaintiff's claims, the Court suggests it would be inappropriate to do so. See Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 99 (5th Cir. 1990) ("we have frequently cautioned the district courts against pretrying a case to determine removal jurisdiction").

Because Scottsdale waived its right to remove Shrimp Louisiana's action from state court, the case must be remanded.

II.

The plaintiff also requests reasonable costs and attorney's

---

[3] Scottsdale's attempt to contort the language of the service of suit provision is unconvincing, especially in light of the "familiar principle that ambiguities in contracts of insurance are to be construed against the drafter of the policy." See Nutmeg, 931 F.2d at 15.

fees incurred as a result of the removal, under 28 U.S.C. § 1447(c). The propriety of removal is central to the determination whether to impose fees. See Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Ferguson v. Security Life of Denver Insurance Co., 996 F.Supp. 597, 604 (N.D. Tex.), aff'd, 162 F.3d 1160 (5th Cir. 1998) (Table). As the Supreme Court recently explained in Martin v. Franklin Capital Corp., 126 S.Ct. 704, 711 (2005), "the standard for awarding fees should turn on the reasonableness of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. Id.

The plaintiff "requests an award of the attorney's fees incurred by Plaintiff in seeking remand if the Court finds this to be appropriate under 28 U.S.C. § 1447(c)." Neither side addresses whether an objectively reasonable basis for removal exists. Both sides seem to concede that this Court has diversity jurisdiction and that, but for the service of suit clause, this case would proceed in this Court. This factor weighs against an award of fees. The fact that Scottsdale drafted the service of suit clause in the insurance contract weighs in favor of a fee award. But Scottsdale's argument that the misidentified property is not covered by the policy -- while a fact issue necessitating a merits-

inquiry -- is at least a reasonable basis for removal, given that neither party otherwise disputes that this Court would exercise diversity jurisdiction if the dispute fell outside the scope of the service of suit clause. It certainly does not appear that Scottsdale's removal of this suit was in bad faith. Therefore, an award of fees is not appropriate.

Accordingly, the plaintiff's motion to remand is GRANTED but its request for fees and costs is DENIED. The case is hereby remanded to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, December 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE